STEWART TITLE GUARANTY COMPANY, Appellant,

v.

Wallace Ray MACK, Jr., Appellee,

STEWART TITLE GUARANTY COMPANY, Relator,

v.

The Honorable Patrick W. MIZELL, Judge of the 129th Judicial District Court, Harris County, Respondent.

Nos. 01–96–01596–CV, 01–97–00102–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 1, 1997.

---

Alan D. Goldstein, Houston, for appellant.

Robert G. Gibson, Jr., Houston, for appellee.

Before NUCHIA, COHEN and ANDELL, JJ.

## OPINION

NUCHIA, Justice.

Appellant, Stewart Title Guaranty Company, sold a title insurance policy to appellee, Wallace Ray Mack, Jr. After Mack sued the company, Stewart Title sought to compel arbitration. We are asked to determine if the trial court erred when it denied appellant's motion to compel arbitration. We hold it did not.

■ When a party seeks to compel arbitration under both the Texas General Arbitration Act[1] and the Federal Arbitration Act,[2] he must pursue parallel proceedings: an interlocutory appeal of the order denying arbitration under the Texas act, and a writ of mandamus from denial under the federal act. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992). Appellant did so.

### Facts

In 1992, Mack bought real property for $160,000 and paid $1,670 to Stewart Title for a title insurance policy. After problems with the title arose, Mack sought coverage under the policy, but it was denied. Mack sued and Stewart Title demanded arbitration, pursuant to an arbitration clause contained in the insurance contract, but Mack refused.

The company asked the trial court to enforce the following arbitration clause:

**ARBITRATION**

Unless prohibited by applicable law, either the Company or the insured may

---

1. TEX.CIV.PRAC. & REM.CODE ANN. § 171.001 (Vernon Supp.1996).

2. 9 U.S.C. § 2.

demand arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation. All arbitrable matters when the Amount of Insurance is $1,000,000 or less shall be arbitrated at the option of either the Company or the insured. Arbitration ... shall be binding upon the parties.

. . . .

The law of the situs of the land shall apply to an arbitration under the Title Insurance Arbitration Rules.

After a hearing on the motion, the trial court held neither the Texas act nor the federal act was applicable and denied relief.

### Texas General Arbitration Act

The Texas act permits this Court to hear an interlocutory appeal when a trial court denies a motion to compel arbitration. TEX. CIV.PRAC. & REM.CODE ANN. § 171.017(a)(1).

■ In points of error one, two, and three, Stewart Title contends the trial court erred in denying its motion because: (1) the motion was based on the Texas act; (2) the arbitration clause in the insurance contract is enforceable under the Texas act; and (3) the exceptions specified in section 171.001(b) of the Texas act are not applicable. The Texas act excludes:

[A]ny contract for the acquisition by an individual person or persons (as distinguished from a corporation, trust, partnership, association, or other legal entity) of real or personal property, or services, or money or credit where the total consideration therefor to be paid or furnished by the individual is $50,000 or less, unless said individual and the other party or parties agree in writing to submit to arbitration and such written agreement is signed by the parties to such agreement and their attorneys.

TEX.CIV.PRAC. & REM.CODE ANN. § 171.001(b). Mack contends the insurance contract is exempt because the consideration paid was less than $50,000 and there is no written agreement signed by the parties and their attorneys. We agree. Mack is an individual who entered into a contract to purchase personal property. For this title insurance policy, he paid consideration of $1,670.

■ Stewart Title contends we should look not to the cost of the policy, but to the coverage limit ($160,000) or the purchase price of the real property ($110,000) covered by the policy. It cites no authority to support this interpretation. We cannot agree. Such an interpretation contradicts the clear language of the statute. A title insurance contract is not real property; it is personal property. The statute applies a $50,000 limit to the total *consideration* paid. TEX.CIV. PRAC. & REM.CODE ANN. § 171.001(b). Consideration is the inducement to a contract, i.e., the benefit conferred or price paid that induces a party to enter into a contract. *See* BLACK'S LAW DICTIONARY 379 (4th ed.1968). Accordingly, the consideration for the insurance contract was the cost of the policy, not the cost or value of the insured property. The $1,670 paid for the policy is well under the limit of $50,000. We hold the exception enumerated in section 171.001(b) applies, and the arbitration agreement is not governed by the Texas act.

We overrule points of error one, two, and three.

■ In point of error six, Stewart Title contends the trial court should have enforced the agreement under the common law. We have no jurisdiction to decide this on interlocutory appeal. If an agreement to arbitrate is not governed by the Texas act, an interlocutory appeal is not available; appeal may only be brought from a final judgment. *Central Nat'l Ins. Co. of Omaha v. Glover,* 856 S.W.2d 490, 492 (Tex.App.—Houston [1st Dist.] 1993, no writ). Stewart Title argues mandamus should lie to address arbitration under the common law as well as under the federal act, but we can find no authority to support this contention.

We dismiss the part of this appeal embodied by point of error six. *See Metzger v.*

*Sebek,* 892 S.W.2d 20, 55 (Tex.App.—Houston [1st Dist.] 1994, writ denied).

## Federal Arbitration Act

■ The federal act applies only to contracts relating to interstate commerce. *Perry v. Thomas,* 482 U.S. 483, 489, 107 S.Ct. 2520, 2525, 96 L.Ed.2d 426 (1987); *Anglin,* 842 S.W.2d at 269–70. To seek review of its entitlement to arbitration under the federal act, a party must seek a writ of mandamus. *Belmont Constructors, Inc. v. Lyondell Petrochemical Co.,* 896 S.W.2d 352, 355 (Tex. App.—Houston [1st Dist.] 1995, no writ).

■ In point of error four, the company argues the federal act was applicable to this contract. In point of error five, it contends the contract involved interstate commerce. Each party contends the other did not meet its burden of proof on the issue. Stewart Title argues Mack did not meet his burden of showing interstate commerce was *not* involved. Mack contends Stewart Title did not meet its burden of showing interstate commerce *was* involved because it submitted no evidence on the issue to the trial court.

■ Normally, a party resisting arbitration bears the burden of showing he should not be compelled to arbitrate, particularly when an affirmative defense such as waiver or an unconscionable agreement is alleged. *See Hearthshire Braeswood Plaza Ltd. Partnership v. Bill Kelly Co.,* 849 S.W.2d 380, 385 (Tex.App.—Houston [14th Dist.] 1993, writ denied); *Home Club, Inc. v. Barlow,* 818 S.W.2d 192, 193 (Tex.App.—San Antonio 1991, no writ). There is a presumption favoring agreements to arbitrate under the federal act. *Cantella & Co. v. Goodwin,* 924 S.W.2d 943, 944 (Tex.1996). However, a party seeking to compel arbitration must establish its right to arbitrate under the federal act. *Id.* If it does, and the opposing party does not defeat that right, the trial court is obliged to compel arbitration. *Id.* When, as here, there is no express agreement to arbitrate under the federal act, a party who alleges interstate commerce may show it in a variety of ways: location of headquarters in another state; transportation of materials across state lines; manufacture of parts in a different state; billings prepared out of

state; interstate mail and phone calls in support of a contract. *See Anglin,* 842 S.W.2d at 270; *Belmont Constructors, Inc. v. Lyondell Petrochemical Co.,* 896 S.W.2d 352, 356 (Tex.App.—Houston [1st Dist.] 1995, no writ). When the only evidence of interstate commerce was that one of the parties in the underlying suit was a corporation doing business in several states, this Court held interstate commerce was not affected and the arbitration agreement did not fall under the terms of the federal act. *Porter & Clements, L.L.P. v. Stone,* 935 S.W.2d 217, 218 (Tex. App.—Houston [1st Dist.] no writ).

Here, the federal act was not expressly invoked by the agreement, and Stewart Title offered no evidence of interstate commerce. In a letter he sent to the parties the day he rendered judgment, the trial court judge stated he had found no evidence that interstate commerce was affected.

To support its contention that interstate commerce was affected, Stewart Title relies solely on policy language excluding from coverage any claims arising under "law, ordinance, or governmental regulation" or by reason of "federal bankruptcy laws." The contract language does not prove that interstate commerce is involved; it merely defines the limits of coverage. Stewart Title also cites *Goldfarb v. Virginia State Bar,* 421 U.S. 773, 784, 95 S.Ct. 2004, 2012, 44 L.Ed.2d 572 (1975), to argue a title policy involves interstate commerce. *Goldfarb* dealt with price-fixing by lawyers who conducted title searches; the Court held such legal services were inseparable from the interstate aspects of real estate transactions. 421 U.S. at 784–85, 95 S.Ct. at 2011–13. Issuance of a title insurance policy to an individual, however, is not comparable to a state-wide price-fixing scheme in the title search industry. We hold Stewart Title did not establish a right to arbitration under the federal act.

We overrule points of error four and five. Therefore, we need not address Mack's argument that the federal act should not apply because of the provision in the agreement specifying that the "law of the situs of the land shall apply to arbitration" undertaken pursuant to the terms of the agreement.

We dismiss the interlocutory appeal of the denial of common law arbitration for want of jurisdiction.

We overrule the motion for leave to file a petition for writ of mandamus.

We affirm the order.