TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00701-CV






In re Excalibur E & P, L.L.C.; FTW Mineral Development Trust; 


Lanny R. Freeman; and Daniel L. Hawkins, Relators






ORIGINAL PROCEEDING FROM TRAVIS COUNTY







 In this mandamus proceeding, relators Excalibur E & P, L.L.C., FTW Mineral
Development Trust, Lanny R. Freeman, and Daniel L. Hawkins (hereinafter collectively referred
to as "Excalibur and others") seek relief from an order denying their motion to compel arbitration,
sever, and stay proceedings. We hold that the trial court did not abuse its discretion by denying 
the motion to compel. 


Background


 From March to September 1996, Petroleum Development Corporation ("PEDCO"),
Excalibur E & P, L.L.C. ("Excalibur"), and FTW Mineral Development Trust ("FTW") entered
into three agreements for PEDCO to purchase certain oil and gas leasehold interests in South
Texas from Excalibur and FTW. (1) These agreements, referred to as the "Purchase Agreements,"
contained the following arbitration clause:

ANY CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO
THIS CONTRACT, OR THE BREACH THEREOF, SHALL BE SETTLED BY
ARBITRATION IN ACCORDANCE WITH THE RULES OF THE AMERICAN
ARBITRATION ASSOCIATION, AND JUDGEMENT UPON THE AWARD
RENDERED BY THE ARBITRATOR MAY BE ENTERED IN ANY COURT
HAVING JURISDICTION THEREOF. 


The Purchase Agreements also contained the following choice-of-law provision:


THIS AGREEMENT SHALL BE CONSTRUCTED [sic] IN ACCORDANCE
WITH AND GOVERNED IN ALL RESPECTS BY THE LAWS OF THE STATE
OF TEXAS. THIS CONTRACT SHALL BE DEEMED TO HAVE BEEN
EXECUTED IN AUSTIN, TEXAS, AND IN THE EVENT OF ANY DISPUTE
BY EITHER PARTY VENUE HEREUNDER SHALL BE IN TRAVIS COUNTY,
TEXAS.


 The parties agreed to restructure their relationship in September 1996. Under this
new "Agency Agreement," PEDCO agreed to advance funds to Excalibur to purchase oil and gas
interests as PEDCO's agent. In return for its services, Excalibur received a $10,000 monthly fee. 
The Agency Agreement was not written and did not contemplate any agreement to arbitrate
disputes. 

 In August 1997, PEDCO agreed to pay Excalibur and others $240,000 in return for
the assignment to PEDCO of all leases purchased. Then on January 23, 1998, a meeting was
called to officially terminate the relationship among the parties. Soon after that meeting, Excalibur
and others notified PEDCO, Pedeco, Inc., and Warren Resources, Inc. (hereinafter collectively
referred to as "PEDCO and others") that they intended to exercise their rights of reverter under
the Purchase Agreements. In response, PEDCO and others filed suit against Excalibur and others
in Travis County, Texas on May 18, 1998. (2) In July 1998, Excalibur and others filed their original
counterclaim and third-party claims. 

 On November 2, 1998, following some discovery and a Rule 11 agreement,
Excalibur and others filed a Motion to Compel Arbitration, Sever and Stay Proceedings under the
Federal Arbitration Act ("FAA"). A hearing was held, after which the trial court denied the
motion. Excalibur and others subsequently filed a petition for writ of mandamus in this Court
seeking to vacate the trial court's order denying their motion to compel arbitration, sever and stay
the proceedings. 


Discussion


 Mandamus will issue only if a court has clearly abused its discretion and the
aggrieved party has no adequate remedy by appeal. Walker v. Packer, 827 S.W.2d 833, 839-40
(Tex. 1992). Excalibur and others assert that the Purchase Agreements contain arbitration clauses
that are valid and enforceable under the FAA. Therefore, they contend, mandamus is the
appropriate remedy. See Stewart Title Guar. Co. v. Mack, 945 S.W.2d 330, 333 (Tex.
App.--Houston [1st Dist.] 1997, writ dism'd w.o.j.). Excalibur and others did not file an
interlocutory appeal because they do not assert that the arbitration agreements fall under the Texas
General Arbitration Act ("TGAA"). See Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 272
(Tex. 1992) ("[L]itigants who allege entitlement to arbitration under the Federal Act, and in the
alternative, under the Texas Act, are burdened with the need to pursue parallel proceedings--an
interlocutory appeal of the trial court's denial under the Texas Act, and a writ of mandamus from
the denial under the Federal Act.").

 PEDCO and others present three arguments in support of their claim that the FAA
does not apply. First, they argue that because the Purchase Agreements contain a Texas choice-of-law provision, the TGAA applies, rather than the FAA. Thus, they assert, the only remedy
available to Excalibur and others is an interlocutory appeal. Second, they argue that Excalibur
and others failed to carry their evidentiary burden to show that the Purchase Agreements involve
interstate commerce. Third, they argue that even if the arbitration clauses are valid under the
FAA, Excalibur and others waived their right to arbitrate by making substantial use of the judicial
process. 

 Assuming, without deciding, that Excalibur and others could invoke the FAA to
seek arbitration for procedural purposes notwithstanding the choice-of-law provision, they still
must show that the underlying transaction involves interstate commerce. "The Federal Act thus
applies to all suits in state and federal court when the dispute concerns a 'contract evidencing a
transaction involving commerce.'" Anglin, 842 S.W.2d at 269-70 (quoting Perry v. Thomas, 482
U.S. 483, 489 (1987)). This Court has concluded that "commerce" under the FAA must be
broadly construed. BWI Cos., Inc. v. Beck, 910 S.W.2d 620, 622 (Tex. App.--Austin 1995,
orig. proceeding) (citing Lost Creek Mun. Util. Dist. v. Travis Indus. Painters, 827 S.W.2d 103,
105 (Tex. App.--Austin 1992, writ denied)). Thus, if the transaction at issue relates to interstate
commerce, the FAA is implicated. See id. However, a party seeking to compel arbitration must
present sufficient evidence to establish its right to arbitrate under the FAA. See Cantella & Co.
v. Goodwin, 924 S.W.2d 943, 944 (Tex. 1996); see also Stewart Title, 945 S.W.2d at 333. The
trial court may summarily, that is with less than a full evidentiary hearing, decide whether to
compel arbitration, and consider only affidavits, pleadings, discovery, and stipulations. Anglin,
842 S.W.2d at 269.

 Excalibur and others, however, submitted no summary evidence demonstrating that
the Purchase Agreements involve interstate commerce to the trial court other than the pleadings,
which list certain out-of-state parties, and the Purchase Agreements themselves, which merely
include signatures from two out-of-state parties. Such evidence is insufficient to show that the
Purchase Agreements involve interstate commerce. Excalibur and others have failed to prove that
the FAA applies. Having determined that the evidence is insufficient to show interstate commerce,
we need not address PEDCO and others' remaining arguments. Accordingly, we hold that the
trial court did not abuse its discretion in denying the motion to compel arbitration, sever and stay
proceedings.


Conclusion


 Excalibur and others' petition for writ of mandamus is denied. PEDCO and others'
motion for sanctions is overruled.






 J. Woodfin Jones, Justice


Before Justices Jones, B. A. Smith and Yeakel

Mandamus Denied

Filed: April 15, 1999

Do Not Publish
1. The parties subsequently entered into two additional agreements in April and August 1997.
2. Norman Swanton and James C. Johnson, Jr. subsequently intervened in July 1998.



l arbitration, sever and stay
the proceedings. 


Discussion


 Mandamus will issue only if a court has clearly abused its discretion and the
aggrieved party has no adequate remedy by appeal. Walker v. Packer, 827 S.W.2d 833, 839-40
(Tex. 1992). Excalibur and others assert that the Purchase Agreements contain arbitration clauses
that are valid and enforceable under the FAA. Therefore, they contend, mandamus is the
appropriate remedy. See Stewart Title Guar. Co. v. Mack, 945 S.W.2d 330, 333