Dismissed and Memorandum Opinion filed January 15, 2004









Dismissed and Memorandum Opinion filed January 15,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00990-CV

____________

 

IRA JONES, Appellant

 

V.

 

HOUSTON STRUCTURAL INC., Appellee

 



 

On
Appeal from County Court at Law. No. 4

Harris
County, Texas

Trial
Court Cause No. 785,580

 



 

M E M O R A N D U M  O
P I N I O N








Plaintiff Ira Jones appeals the trial court=s order compelling arbitration
through the Better Business Bureau and abating the case.   He filed suit against Houston Structural
Inc. and its principal Thomas Lammers after a dispute
arose regarding remodeling work done at his home.  After a flurry of motions and responses to
compel arbitration, Jones filed an appeal of an April 16, 2003 order, as
modified by the trial court=s order of June 18, 2003, and a severance order of July 23,
2003.[1]  Houston Structural Inc. filed a motion to
dismiss the appeal for want of jurisdiction.

 Within well‑defined
exceptions, we review by appeal only final judgments that dispose of all
parties and issues.  See Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 & n. 12 (Tex. 2001). 
A right to appeal arises only from a final order or an interlocutory
order made appealable by statute.  Tex. Civ. Prac. & Rem.Code Ann. '51.014 (Vernon Supp. 2003)
(describing appealable interlocutory orders in civil
cases); see Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352 (Tex.
2001);  In re MHI P=ship, Ltd., 7 S.W.3d 918, 920 (Tex. AppB Houston [1st Dist.] 1999, orig.
proceeding).  Because orders compelling
arbitration do not dispose of all parties and issues, but instead contemplate
continuing resolution through the arbitration process, orders compelling
arbitration are interlocutory per se. 
Brook v. Pep Boys Auto. Superctrs, Inc., 104
S.W.3d 656 (Tex. App.CHouston [1st Dist.] 2003, no pet.).   The order challenged here grants a stay of
the litigation and compels arbitration, and is, therefore, interlocutory.[2]   As a result, we have no jurisdiction to
address this appeal and must dismiss it. 
See Trico Marine Servs,
Inc. v. Stewart & Stevenson Technical Servs.,
73 S.W.3d 545, 547-48 (Tex. App.CHouston [1st Dist.] 2002, orig.
proceeding).








 Houston Structural
also moves for Jones to reimburse its appellate costs, arguing that Jones=s appeal of an interlocutory order in
this case was frivolous and brought for purposes of delay only, further
postponing the arbitration of this case. 
Under Texas Rule of Appellate Procedure 45, we are authorized to award a
prevailing party Ajust damages@ if we determine an appeal is frivolous.   Tex. R. App. P. 45;  Smith v. Brown, 51 S.W.3d 376, 381
(Tex. App.CHouston [1st Dist.] 2001, pet.
denied).  Whether to grant sanctions is a
matter of discretion that we exercise with prudence and caution and only after
careful deliberation and in truly egregious circumstances.   Angelou v. African Overseas Union, 33
S.W.3d 269, 282 (Tex. App.CHouston [14th Dist.] 
2000, no pet.).  We have not been
presented with facts that warrant an award of just damages; therefore, we deny
the motion to award costs for a frivolous appeal.

Accordingly, we grant Houston Structural=s motion to dismiss the appeal for
want of jurisdiction and dismiss Jones=s appellate challenge to the trial
court=s order compelling arbitration and a
stay.  See Tex. R. App. P. 42.3.

 

PER CURIAM

Order filed January 15, 2004.

Panel consists of Justices Edelman, Frost, and Guzman.

Do Not Publish C Tex. R. App. P. 47.3(b).











[1]   The April 16,
2003 order compelled arbitration against both defendants.  The June 18, 2003 order on reconsideration
found that Defendant Lammers is not subject to
arbitration, and severed the claims against him 
into a separate, new cause number. 
The July 23, 2003 order instructed the clerk to create the new case=s lawsuit=s file
and execute the severance.





[2]    Whether
under the Texas Arbitration Act or the Federal Arbitration Act or common law
arbitration, there is no interlocutory appeal over an order granting a motion
to compel arbitration.  Compare  Mohamed v. Auto Nation USA Corp., 89
S.W.3d 830, 835 (Tex. App.CHouston [1st Dist.] 2002, orig. proceeding) (TAA) with
 Stewart Title Guar. Co. v. Mack,
945 S.W.2d 330, 332 (Tex. App.CHouston [1st Dist.] 1997, writ dism=d w.o.j.) (common law
arbitration) and with In re Am. Homestar,
Inc., 50 S.W.3d 480, 483 (Tex. 2001) (FAA).