COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

 

                                      NUMBER
13-04-516-CV

 

AL CARDENAS MASONRY, INC.,                                        Appellant,

 

                                                             v.                                

 

LANDMARK ORGANIZATION, L.P., ET
AL.,                                 Appellees.

 

                                      NUMBER
13-05-168-CV

 

                             IN
RE: AL CARDENAS MASONRY, INC.

 

          On
petition for writ of mandamus and on appeal from 

                   the
370th District Court of Hidalgo County, Texas.

 

 

                               MEMORANDUM
OPINION

 

           Before
Chief Justice Valdez and Justices Castillo and Garza 

                            Memorandum
Opinion by Justice Garza           

                                                                                    








Al Cardenas Masonry, Inc. (ACardenas@) has filed a petition for writ of mandamus and an
interlocutory appeal that each challenge the trial court=s refusal to compel arbitration of claims brought
against Cardenas by the Pharr-San Juan-Alamo Independent School District (APSJA-ISD@), Landmark Organization, L.P., Landmark Organization,
Inc., and Landmark Organization of Texas, Inc. (collectively ALandmark@).  Cardenas
seeks to compel arbitration under both the Federal Arbitration Act (AFAA@) and the Texas General Arbitration Act (ATGAA@).  Its
pursuit of parallel proceedings before this Court is therefore
appropriate.  See Serv. Corp. Int=l v. Lopez,
162 S.W.3d 801, 806 (Tex. App.CCorpus Christi 2005, orig. proceeding).  For the reasons that follow, we deny all
relief sought by Cardenas.

I.  Petition
for Writ of Mandamus








Our first task is to determine which arbitration act
applies to this case.  See id.  The FAA Aapplies to all suits in state or federal court when
the dispute concerns >a contract evidencing a transaction involving
commerce.=@  Jack B.
Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 269B70 (Tex. 1992) (orig. proceeding) (quoting 9
U.S.C.S. ' 2 (2000)); In re Profanchik, 31 S.W.3d 381,
384 (Tex. App.CCorpus Christi 2000, orig. proceeding).  The United States Supreme Court has held that
the word Ainvolving@ in the FAA is broad and the functional equivalent
of Aaffecting,@ signaling Congress=s
intent to exercise its Commerce Clause power to the fullest.  Allied‑Bruce Terminix Cos. v. Dobson,
513 U.S. 265, 268 (1995); L&L Kempwood Assocs., L.L.P., v. Omega
Builders, Inc., 9 S.W.3d 125, 127 (Tex. 1999) (orig. proceeding) (per
curiam).  The transaction must in fact
involve interstate commerce.  Allied‑Bruce
Terminix, 513 U.S. at 281.  The FAA
does not require a substantial effect on interstate commerce; rather, it
requires only that commerce be involved or affected.  L&L Kempwood Assocs., 9 S.W.3d at
127.  A party who alleges interstate
commerce may show it in several ways: 
(1) location of headquarters in another state, (2) transportation of
materials across state lines, (3) manufacture of parts in a different state,
(4) billings prepared out of state, and (5) interstate mail and phone calls in
support of a contract.  See Stewart
Title Guar. Co. v. Mack, 945 S.W.2d 330, 333 (Tex. App.CHouston [1st Dist.] 1997, orig. proceeding); see
also Anglin, 842 S.W.2d at 270.  If a
trial court erroneously denies a party=s motion to compel arbitration under the FAA, the
movant has no adequate remedy at law and is entitled to a writ of mandamus.  Lopez, 162 S.W.3d at 808.  

Cardenas provided the trial court with no evidence
to establish the applicability of the FAA. 
Instead, Cardenas made the following argument in its motion to compel
arbitration:

Contrary to the United States Supreme Court, the
Texas Supreme Court has held that the Federal Arbitration Act (FAA) applies to
every transaction affecting interstate commerce; since every transaction
affects interstate commerce, every arbitration clause in Texas is arbitrable
under the FAA.  The United States Supreme
Court, clarifying its prior precedent, has held that a substantial effect on
interstate commerce is required.  The
Texas Supreme Court has completely failed to explain why it can ignore the
dictates of the United States Supreme Court; apparently, it believes that one
interstate commerce clause applies in Texas, and a different one applies in the
remaining 49 states. 

 

(emphasis in original) (internal citations
omitted).  Without making further
argument regarding the FAA=s applicability, Cardenas then proceeded to argue
that arbitration could be compelled under the FAA.  Cardenas concluded its motion with the
following statement:








Arbitration is akin to radioactive plutonium; it
irradiates everything which it touches. 
Indeed, arbitration clauses are so powerful that they cause the Texas
Supreme Court to rewrite the United States Constitution, and to ignore the
United States Supreme Court as the final arbitrator of the law of the land and
the United States Constitution.  By
deciding to sue the subcontractors directly, [PSJA-ISD] is irradiated by the
arbitration clause.  Thus, this
controversy must be sent to arbitration. 


 

In its petition for writ of mandamus, Cardenas takes
a similar approach to arguing for arbitration under the FAA:  ABecause of the patent uncertainty in whether the
underlying controversy is covered by the Federal Arbitration Act (especially in
light of the Texas Supreme Court=s refusal to follow the dictates of the United
States Supreme Court), this original proceeding resulted.@ 

We will reject Cardenas=s argument and will not hold that the FAA applies to
every arbitration clause in Texas.  Nor
do we find its attack on the Texas Supreme Court helpful.  Cardenas has failed to produce any evidence
of the FAA=s applicability, and we are therefore unable to
conclude that it applies in this case.  See
id. (AA party seeking to compel arbitration must present
sufficient evidence to establish its right to arbitrate under the FAA.@) (citing Cantella & Co. v. Goodwin, 924
S.W.2d 943, 944 (Tex. 1996) (orig. proceeding) (per curiam)).  Accordingly, Cardenas=s petition for writ of mandamus is denied.

II. 
Interlocutory Appeal








Next, we consider whether Cardenas is entitled to
relief on its interlocutory appeal under the TGAA.  Cardenas concedes that it never executed an
agreement to arbitrate or any other agreement with PSJA-ISD.  It nevertheless contends that PSJA-ISD can be
compelled to arbitrate based on an agreement to arbitrate that Cardenas
executed with Landmark as part of a subcontract that directly benefitted
PSJA-ISD.  In its motion to compel
arbitration of the claims brought by PSJA-ISD and Landmark, Cardenas assured
the trial court that it Awill present affidavit evidence of the existence of
an arbitration agreement between it and Landmark.@  No evidence was attached to Cardenas=s motion to compel arbitration, and there is no
indication in the record that Cardenas ever produced the promised evidence or
any other evidence in support of its motion. 
Given the absence of evidence to support Cardenas=s motion, this Court cannot conclude that the trial
court abused its discretion in denying it. 
See In re C & H News Co., 133 S.W.3d 642, 645 (Tex. App.CCorpus Christi 
2003, orig. proceeding). 
Accordingly, we overrule the sole issue raised in Cardenas=s interlocutory appeal. 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Memorandum Opinion delivered and 

filed this the 6th day of October, 2005.