Appeal Dismissed; Petition for Writ of Mandamus Denied and Memorandum
Opinion filed December 21, 2005









Appeal Dismissed; Petition for Writ of Mandamus Denied
and Memorandum Opinion filed December 21, 2005.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01020-CV

____________

 

TANKINETICS,
INC.,
Appellant

 

V.

 

TEXAS WORKFORCE
COMMISSION AND SOL ZITTRER, Appellees

 



 

On Appeal from the 215th District Court

Harris County, Texas

Trial Court Cause No. 01-32311

 



 

NO. 14-04-01204-CV

IN RE TANKINETICS, INC., Relator



 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R A N D U M   O P I N I O N








Relator, Tankinetics, Inc., filed
a petition for writ of mandamus and an alternative interlocutory appeal from
the trial court=s order
denying its motion to compel arbitration. 
See Tex. Civ. Prac. & Rem. Code Ann. 
_ 171.098 (Vernon 2005); Tex. Gov=t Code
Ann. _ 22.221
(Vernon 2005); see also Tex. R.
App. P. 52.  These cases were
consolidated in this court.

A petition for writ of mandamus
is the appropriate mechanism to challenge a denial of arbitration when an arbitration provision is
governed by the Federal Arbitration Act (AFAA@). 
See 9 U.S.C. __ 1B16 (West 1999); see Am.
Med. Techs., Inc. v. Miller, 149 S.W.3d 265, 269 (Tex. App.CHouston [14th Dist.] 2004, no
pet.).  In contrast, an interlocutory
appeal is the appropriate mechanism to challenge a denial of arbitration when
an arbitration provision is governed by the Texas General Arbitration Act (ATAA@). 
Tex. Civ. Prac. & Rem. Code
Ann. _ 171.098; see Am. Med.
Techs., Inc., 149 S.W.3d at 269.[1]  When the FAA applies, it preempts the TAA and
governs the dispute.  Am. Med. Techs.,
Inc., 149 S.W.3d at 269.

The FAA applies to all suits in state or federal court when
the dispute concerns a Acontract evidencing a transaction involving commerce.@ 
See 9 U.S.C. __ 1B2; Jack B. Anglin Co. v. Tipps,
842 S.W.2d 266, 269B70 & n.6 (Tex. 1992). 
The parties do not dispute that relator, an Arkansas corporation with
its principal place of business in Arkansas, contracted with a Texas resident
for representation in a sales territory located exclusively within Texas;
relator manufactured its products in Arkansas and shipped them across state
lines to Texas customers; and relator billed Texas customers from
Arkansas.  Because these transactions
that form the basis of this suit involve interstate commerce, the FAA applies
and the proper procedural posture for this suit is the mandamus proceeding. 
See Jack B. Anglin Co., 842 S.W.2d at 270; Am. Med. Techs., Inc., 149 S.W.3d
at 269; Stewart Title Guar. Co. v. Mack, 945 S.W.2d 330, 333 (Tex. App.CHouston [1st Dist.] 1997, writ dism=d w.o.j.).








Having determined that the TAA
does not govern this dispute, we dismiss the interlocutory appeal.

After reviewing relator=s
petition and the mandamus record, we hold relator has not established
entitlement to a writ of mandamus.  See 
Tex. R. App. P. 52.8.  Accordingly, relator=s
petition is denied. 

 

PER CURIAM

Appeal Dismissed; Petition for Writ of
Mandamus Denied and Memorandum Opinion filed December 21, 2005.

Panel consists of Justices Edelman, Seymore,
and Guzman.

 

 

 











[1]  Relator has
alternatively filed an interlocutory appeal in the event the TAA were found to
apply.