Opinion issued April 1, 2010

 

 

 

 



 

 

 

 

 

 

 

 

 

 

 








 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

____________

 

NO. 01-08-00806-CV

____________

 

OLSHAN FOUNDATION REPAIR COMPANY, APPELLANT

 

v.

 

MARY KAY DAURIA, ANGELA DAURIA, VICTORIA DAURIA, A
MINOR, and KAILYN DAURIA, A MINOR, APPELLEES

 

 



On Appeal from the 164th District Court 

Harris County, Texas

Trial Court Cause No. 2007-38571

 

 

 



*  *  *

____________

 

NO. 01-09-00682-CV

____________

 

In re OLSHAN FOUNDATION REPAIR COMPANY, RELATOR

 

 



Original Proceeding on Petition for Writ of Mandamus

 

 



MEMORANDUM OPINION

          In
this interlocutory appeal and petition for writ of mandamus, Olshan Foundation
Repair Company seeks relief from the trial court’s denial of its motion to
compel arbitration.[2] 
In its petition for writ of mandamus and its interlocutory appeal,
Olshan contends the trial court erred by denying its motion to compel arbitration
because it proved a valid arbitration agreement, Dauria did not prove her
defense that the agreement is unconscionable, and Olshan did not waive its
right to seek arbitration by substantially invoking the litigation process.  In its petition for writ of mandamus, Olshan
further contends mandamus relief is appropriate because the Federal Arbitration
Act (FAA) applies.  We conclude that the
trial court’s order did not deny a motion to compel arbitration under the FAA
and that mandamus relief is therefore inappropriate.  We further conclude we do not have
jurisdiction over the interlocutory appeal. 
We deny the petition for writ of mandamus and dismiss the interlocutory
appeal.

Background

          Dauria
contacted Olshan to repair foundation problems in her home.  In November 2000, Olshan contracted with
Dauria to repair her foundation and drains. 
The agreement included a paragraph stating,

Notwithstanding any provision in this agreement to the
contrary, any dispute, controversy, or lawsuit between any of the parties to
this agreement about any manner arising out of this agreement shall be resolved
by mandatory and binding arbitration administered by the American Arbitration
Association (“AAA”) pursuant to the Texas General Arbitration Act and in
accordance with this arbitration agreement and the commercial arbitration rules
of the AAA.

  

          In
December 2000, Olshan stated it had completed the foundation and drain
repairs.  Beginning in September 2001,
Dauria began to notice black and brown spots appearing on her wood floor.  The spots began spreading to all areas of her
home.  In November 2001, Dauria noticed
water leaking from a second-floor bathroom. 
The source of the leak was a drain that Olshan did not properly
reconnect. 

          During
Dauria’s attempts to resolve these issues with Olshan, which continued for the
next several years, Olshan agreed to make repairs.  In January 2003, Olshan submitted another
agreement to Dauria.  This agreement
contained an arbitration clause virtually identical to the one contained in the
prior agreement.  

          Unable
to resolve the issues with her home, Dauria filed this suit.  Olshan filed a motion to stay and compel
arbitration.  Dauria responded, asserting
that the agreement was unconscionable and that Olshan had waived its right to
compel arbitration by substantially invoking the litigation process.  The trial court denied Olshan’s motion and
Olshan filed this interlocutory appeal and petition for writ of mandamus.  After the case was filed in this Court,
respondent became the presiding judge of the trial court.  This Court abated to give the respondent a
chance to reconsider her predecessor’s decision.  See Tex.
R. App. P. 7.2(b) (requiring appellate court to abate original
proceeding to allow the successor to public office “to reconsider the original
party’s decision”).  Dauria took the
opportunity to file a “post-submission brief” in which she asserts the
arbitration agreement is not enforceable under the TAA because it was not
signed by her and her attorney. 
Respondent denied Olshan’s motion.

          After
the parties filed their briefs, this Court recognized an issue concerning our
jurisdiction.  We requested additional
briefing on the jurisdiction issue.  Both
Olshan and Dauria filed supplemental briefs.

 

Jurisdiction

          We
first decide whether the Federal Arbitration Act (FAA) or the Texas General
Arbitration Act (TAA) applies because the answer to this inquiry determines our
jurisdiction.  Okorafor v. Uncle Sam
& Assocs., Inc., 295 S.W.3d 27, 34–35 (Tex. App.—Houston [1st Dist.]
2009, pet. denied, motion for reh’g filed) (citing Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(1) (Vernon
2005); In re D. Wilson Constr. Co., 196 S.W.3d 774, 778 (Tex. 2006)); Stewart
Title Guar. Co. v. Mack, 945 S.W.2d 330, 333 (Tex. App.—Houston [1st Dist.]
1997, writ dism’d w.o.j.).  The method of
review depends on which law applies. 
See In re D. Wilson Constr. Co., 196 S.W.3d at 779; Stewart Title
Guar. Co., 945 S.W.2d at 333.  We
review an order denying arbitration under the FAA by mandamus.[3]  In re Valero Energy Corp., 968 S.W.2d
916, 916 (Tex. 1998).  We review an order
denying arbitration under the TAA by interlocutory appeal.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 171.098(a)(1), (2) (Vernon 2005); In re Valero Energy Corp., 968
S.W.2d at 916; see also Tex. A & M Univ. Sys. v. Koseoglu,
233 S.W.3d 835, 840 (Tex. 2007) (stating appellate courts have no jurisdiction over
interlocutory appeals unless statute explicitly provides such jurisdiction).  Both acts can apply, and in that event this
Court has jurisdiction over both the interlocutory appeal and the petition for
writ of mandamus.  See In re D. Wilson
Constr. Co., 196 S.W.3d at 779.    

          A.      Mandamus

          Here,
Olshan moved to compel arbitration under the TAA.  In its motion to compel, Olshan specifically
stated “For a court to compel arbitration under the TAA, the party seeking
arbitration must establish that (1) the parties agreed to arbitrate in a
written contract, (2) the dispute falls within the scope of the contract, and
(3) the claim is arbitrable.”  Olshan also
cited the TAA.  Olshan did not cite or
otherwise address the FAA.  The trial
court’s order states, 

This Court considered Defendant Olshan Foundation Repair
Company’s Motion to Stay and Compel Arbitration.  After a review of all live pleadings, oral
arguments, motions, responses, and corresponding exhibits on file and all
relevant case law as of the date of this hearing, the Court is of the opinion
that the motion is without merit and should be DENIED.

 

Because Olshan only sought to compel
arbitration under the TAA, the trial court’s order is not an order denying a
motion to compel arbitration under the FAA. 
See In re Olshan Foundation Repair
Co., 277 S.W.3d 124, 129 (Tex. App.—Dallas 2009 orig. proceeding [mand.
pending]) (holding review by mandamus, not interlocutory appeal, proper where
Olshan’s motion to compel was under FAA, not TAA).  In its briefs before this Court, Olshan
contends the FAA applies but in its motion to compel before the trial court,
Olshan only moved to compel arbitration under the TAA.  We are therefore limited to considering
whether the trial court properly denied the motion to compel arbitration under
the TAA.  See id.       Mandamus review
is not appropriate for a denial of a motion to compel arbitration under the TAA.  Stewart Title Guar. Co, 945 S.W.2d at
333; see also In re Weeks Marine, Inc., 242 S.W.3d 849, 853 (Tex. App.—Houston
[14th Dist.] 2007, orig. proceeding) (stating mandamus review inappropriate for
order denying arbitration under TAA).  We
deny Olshan’s petition for mandamus.

          B.      Interlocutory Appeal

          In
pertinent part, the TAA states that it does not apply to “an agreement for the
acquisition by one or more individuals of . . .  services . . . in which the total
consideration to be furnished by the individual is not more than $50,000,”
unless the agreement is in writing and signed by each party and each party’s
attorney.  Tex. Civ. Prac. & Rem. Code Ann. § 171.002(a)(2),
(b)(1)–(2) (Vernon 2005); see Okorafor, 295 S.W.3d at 36.  Here, it is undisputed that the agreement
involves consideration of less than $50,000. 
It is also undisputed that the agreements are not signed by “each party
and each party’s attorney.”  Therefore,
the TAA does not apply.  See Tex.
Civ. Prac. & Rem. Code Ann. § 171.002(a)(2), (b)(1)–(2).  Because the TAA does not apply, we do not
have jurisdiction over this interlocutory appeal.  See Tex. Civ. Prac. & Rem. Code Ann. §
171.098; Stewart Title Guar. Co., 945 S.W.2d at 333 (no jurisdiction
over interlocutory appeal where TAA did not apply because agreement involved
consideration less than $50,000 dollars and parties’ attorneys did not sign); see also Tex. A & M Univ. Sys., 233 S.W.3d at 840.

Conclusion

          We
deny Olshan’s petition for writ of mandamus. 
We dismiss Olshan’s interlocutory appeal for want of jurisdiction.

 

 

 

                                                                   Elsa
Alcala

                                                                   Justice

Panel consists of Chief Justice
Radack, and Justices Alcala, and Higley.











[2]           The appeal is cause number
01-08-00806-CV.  The petition for writ of
mandamus is cause number 01-09-00682-CV. 
The underlying case is Mary Kay Dauria v. Olshan Foundation Repair
Company, cause number 2007-38571, in the 164th Judicial District Court of
Harris County, Texas, the Honorable Alexandra Smoots-Hogan, presiding.   





[3]           Effective
September 1, 2009, the Texas Legislature permitted interlocutory review of a
trial court’s order denying arbitration under the FAA.  Act of May 31, 2009, 81st Leg., R.S., ch.
820, §§ 1, 3, 2009 Tex. Gen. Laws 820 (adding Tex.
Civ. Prac. & Rem. Code Ann. § 51.016 (Vernon Supp. 2009)). 
Because this case was filed and submitted to this Court before that date, we
consider it under the prior law.  Id.
§ 2(b) (“The change in law made by this Act does not apply to the appeal of an
interlocutory order in an action pending on the effective date of this Act if
the appeal of the order is initiated before the effective date of this Act.”).