CANTELLA & CO., INC., Relator,

v.

The Honorable Gerald A. GOODWIN, Judge, Respondent.

No. 95–0819.

Supreme Court of Texas.

June 28, 1996.

Carla Powers Herron, James A. Gilman, Houston, for relator.

Kyle W. King, Hugh L. McKinney, Charles L. Henke, John E. O'Neill, Michael Napoli, Houston, Robert L. Fluornoy, Lufkin, Eric Tibbs, Houston, for respondent.

PER CURIAM.

In this original proceeding, Cantella & Company seeks relief from the trial court's order denying arbitration of the City of Lufkin's suit against Cantella arising from a securities transaction. Because the parties entered into a valid arbitration agreement under the Federal Arbitration Act (the FAA)[1], we conditionally grant mandamus relief.

In 1993, Cantella and the City entered into a "Client's Agreement" whereby Cantella agreed to handle securities transactions for the City. The agreement has an arbitration clause. It provides that "all controversies which may arise between us ... shall be determined by arbitration." The agreement further provides that arbitration "shall be conducted pursuant to the Federal Arbitration Act...." Darryl Mayfield, the City's assistant city manager, signed the agreement on the City's behalf, and Atha Stokes, the city secretary, attested to it.

In 1994, the City sued Cantella for fraud, Texas Securities Act violations, negligence and gross negligence. Cantella moved to stay the suit and to compel arbitration. At a hearing on the motion, Cantella proved up the arbitration agreement and that the subject matter involved commerce, thereby bringing the agreement within the FAA's scope. *See Jack B. Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266, 269–70 (Tex.1992). Nevertheless, the trial court denied Cantella's motion. The court of appeals denied Cantella mandamus relief.

■ Federal and state law strongly favor arbitration. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983); *Prudential Sec., Inc. v. Marshall,* 909 S.W.2d 896, 898 (Tex.1995); *Capital Income Properties–LXXX v. Blackmon,* 843 S.W.2d 22, 23 (Tex.1992); *Tipps,* 842 S.W.2d at 268. Indeed, a presumption exists in favor of agreements to arbitrate under the FAA. *Marshall,* 909 S.W.2d at 898–99. Courts must resolve any doubts about an agreement to arbitrate in favor of arbitration. *Marshall,* 909 S.W.2d at 899. A party opposing an arbitration agreement bears the burden of defeating it. *Marshall,* 909 S.W.2d at 900. Once a party seeking to compel arbitration establishes that an agreement exists under the FAA, and that the claims raised are within the agreement's scope, the trial court "has no discretion but to compel arbitration and stay its proceedings pending arbitration." *See Shearson Lehman Bros., Inc. v. Kilgore,* 871 S.W.2d 925, 928 (Tex.App.—Corpus Christi 1994, orig. proceeding).

■ The City argues that it did not agree to arbitrate and, therefore, the courts cannot require it to submit to the process. *See Freis v. Canales,* 877 S.W.2d 283, 284 (Tex.1994)(holding that a court cannot order arbitration absent an agreement between the parties). Specifically, the City argues that the arbitration provision was "hidden" on the back of the client's agreement, and consequently, Mayfield did not know about the arbitration provision when he signed the document. Therefore, the City argues that Mayfield did not agree to arbitration on the City's behalf. This argument does not persuade us.

The agreement is a single page with text on both sides. Nothing is "hidden" on the back side of the document. The arbitration provision is quite conspicuous. It is separately numbered and captioned in bold print, "ARBITRATION". Also, the entire arbitration provision, unlike other provisions in the agreement, is typed in all capital letters. Because of the document's nature, combined with the legal presumption that a party who signs a contract knows its contents, we reject the City's argument that it did not agree to arbitrate because it did not see the arbitration provision in the agreement. *See Thigpen v. Locke,* 363 S.W.2d 247, 253 (Tex.1962); *Kilgore,* 871 S.W.2d at 928–29.

■ Alternatively, the City asserts that because the arbitration provision does not strictly comply with National Association of Securities Dealers (NASD) rules, the agreement is void. Specifically, the City complains that Cantella did not comply with NASD Manual–Rules of Fair Practice (CCH)

1. *See* 9 U.S.C. § 1 *et seq.*

¶ 2171, Art. III, Sec. 21(f), because: (1) it neglected to place a disclosure statement above the signature line of the agreement, warning of the arbitration provision; (2) it did not highlight the arbitration provision; and, (3) it did not forward a conformed copy of the agreement to the City.

Our review of the document reveals that the arbitration provision is "highlighted" in all capital letters and in bold text. The City's argument that it did not receive a conformed copy of the agreement is based on Mayfield and Stokes' affidavits, stating that they could not find a copy of the agreement in the City's files. Cantella concedes that the agreement does not comply with section 21(f) to the extent that the disclosure warning of arbitration is located at the bottom of the client's agreement instead of being properly placed immediately above the signature line.

The NASD is a private, independent, self-regulating organization. *See Mueske v. Piper, Jaffray & Hopwood, Inc.*, 260 Mont. 207, 859 P.2d 444, 448–49 (1993). Under 15 U.S.C. § 78o–3, the Securities and Exchange Commission reviews and approves NASD's rules and procedures. While some NASD rules preclude arbitration for non-compliance, there is no such penalty for non-compliance with section 21(f). Instead, the remedies for a broker's section 21(f) violations are censure, suspension, expulsion, fine and sanctions. *See* NASD Manual–Rules of Fair Practice (CCH) ¶ 2301, Art. V, Sec. 1; *Mueske*, 859 P.2d at 450 (Nelson, J., dissenting). These remedial remedies are consistent with the strong public policy emphasized by caselaw favoring arbitration agreements between parties. *See Moses H. Cone Memorial Hosp.*, 460 U.S. at 24–25, 103 S.Ct. at 941–42; *Tipps*, 842 S.W.2d at 268.

The City relies on two recent cases for the proposition that Cantella's alleged non-compliance with NASD rules, section 21(f), makes the agreement void. *See Nielsen v. Piper, Jaffray & Hopwood, Inc.*, 66 F.3d 145 (7th Cir.1995); *Mueske*, 859 P.2d at 444. These cases are distinguishable. In both *Nielsen* and *Mueske*, the courts declared the respective arbitration agreements void because the contracts had specific language requiring that arbitration "shall be in accordance with the rules [of] the National Association of Securities Dealers, Inc. [NASD]." *See Nielsen*, 66 F.3d at 148; *Mueske*, 859 P.2d at 446. Because the defendants' contracts in *Nielsen* and *Mueske* violated NASD rules at the same time that they expressly called for NASD rules to apply, the courts declared the arbitration agreements invalid. *See Nielsen*, 66 F.3d at 146–47; *Mueske*, 859 P.2d at 450.

Here, the agreement between Cantella and the City does not require that NASD rules apply. Instead, the agreement specifically provides for arbitration under the FAA. Regardless, if Cantella violated section 21(f), as the City alleges, voiding the agreement is not the appropriate remedy under NASD rules. *See Mueske*, 859 P.2d at 450 (Nelson, J., dissenting); *cf. Nielsen*, 66 F.3d at 147 (recognizing that new NASD rule did not allow for enforcement of arbitration agreement in class action suit). Accordingly, we reject the City's argument that Cantella should be forced to forego its contractual right to arbitrate because of any non-compliance with section 21(f) of NASD rules.

 A party who is erroneously denied the right to arbitrate under the FAA has no adequate remedy at law and mandamus relief is appropriate. *Marshall*, 909 S.W.2d at 900; *Tipps*, 842 S.W.2d at 272–73. Because Cantella established an agreement to arbitrate with the City under the FAA, we conditionally grant writ of mandamus. *See* TEX.R.APP. P. 122. We direct the trial court to order that the City's claims against Cantella proceed to arbitration. The clerk is instructed to issue the writ only if the trial court does not follow our direction.