Opinion issued April 25, 2002











 





In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00458-CV

____________


FULTON PERFORMANCE PRODUCTS, INC., Appellant


V.


PENSKE TRUCK LEASING CO., L.L.P., Appellee






On Appeal from the 152nd District Court

Harris County, Texas

Trial Court Cause No. 2001-00468






O P I N I O N

 In this accelerated case, appellant, Fulton Performance Products, Inc.,
challenges the trial court's April 5, 2001 order denying, in part, Fulton's motion to
compel arbitration between Fulton and appellee, Penske Truck Leasing Company,
L.L.P. Penske has filed a motion to dismiss this appeal for want of jurisdiction.

 The arbitration clause at issue is contained within a February 21, 1997
settlement agreement reached between the parties. It is uncontested that paragraph
seven of the settlement agreement specifies that "[a]ll disputes, controversies or
differences which may arise between the parties, out of, in relation to or in connection
with this Agreement or for the breach thereof, which cannot be settled by the parties
themselves, shall be settled by final and binding arbitration," and that "the Federal
Arbitration Act shall govern the interpretation and enforcement of this paragraph 7." 
In its motion to compel arbitration, Fulton sought to enforce this provision of the
parties' settlement agreement. Therefore, assuming Fulton's claims fall within the
scope of the parties' arbitration agreement, as Fulton alleges, the Federal Arbitration
Act clearly applies.

 Mandamus, not interlocutory appeal, is the proper means for reviewing an
order denying arbitration under the Federal Arbitration Act. Cantella & Co., Inc. v.
Goodwin, 924 S.W.2d 943, 945 (Tex. 1996) (original proceeding); Jack B. Anglin
Co., Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992) (original proceeding). Thus, we
have no jurisdiction to consider this interlocutory appeal and we must dismiss it for
want of jurisdiction. See Belmont Constructors, Inc. v. Lyondell Petrochemical Co.,
896 S.W.2d 352, 356 (Tex. App.--Houston [1st Dist.] 1995, no writ).

Conclusion


 We grant Penske's motion and dismiss Fulton's interlocutory appeal of the trial
court's April 5, 2001 order. (1)




 Terry Jennings

 Justice


Panel consists of Justices Mirabal, Hedges, and Jennings.


Do not publish. Tex. R. App. P. 47.
1. In a parallel proceeding, Fulton has also filed a petition for writ of mandamus
challenging the trial court's April 5, 2001 order. We address the merits of
Fulton's claims in that proceeding. In re Fulton Performance Prods., Inc., 01-01-00606-CV (Tex. App.--Houston [1st Dist.] April 25, 2002, no pet. h.).