NUMBER 13-05-277-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

                             IN
RE: WASHINGTON MUTUAL FINANCE, L.P., 

                   FELA
CAVAZOS, DAVID GONZALEZ, CARMEN GONZALEZ, 

                             REY
GONZALES, AND ADELAIDO GONZALES

 

                                  On
Petition for Writ of Mandamus

 

                                        O
P I N I O N

 

                   Before
Justices Rodriguez, Castillo, and Garza 

                                      Opinion
by Justice Garza

 








Washington Mutual Finance, L.P. and David Gonzalez
(collectively AWashington Mutual@) have
filed a petition for writ of mandamus, seeking to compel Judge Jay Palacios of
the County Court at Law Number Two of Hidalgo County to vacate his order of
February 18, 2005, denying Washington Mutual=s
motion to compel arbitration, order arbitration under the Federal Arbitration
Act (AFAA@), and stay the underlying proceedings.  We conclude that the trial court abused its
discretion by sustaining a defense to arbitration without holding an
evidentiary hearing to determine disputed issues of material fact.  We therefore instruct the trial court to
vacate its order of February 18, 2005, denying Washington Mutual=s motion to compel arbitration, and conditionally
issue a writ of mandamus in the event the trial court does not comply with this
opinion. 

This original proceeding arises from a suit filed
against Washington Mutual and other defendants by Ignacio and Gloria Garcia and
Carlos and Esmeralda Flores (the Aplaintiffs@), in which the plaintiffs allege that they were
fraudulently induced into obtaining loans from Washington Mutual.  In response to the suit, Washington Mutual
filed a motion to compel arbitration based on arbitration agreements signed by
the plaintiffs at the time of their loans. 


In a brief filed in opposition to the motion to
compel arbitration, the plaintiffs conceded the existence of the arbitration
agreements but contended that arbitration could not be compelled because (1)
there was unequal bargaining strength between Washington Mutual and the
plaintiffs, (2) Washington Mutual did not explain the arbitration  agreements to the plaintiffs, and (3) the
plaintiffs did not understand the arbitration agreements because their reading
fluency and comprehension is at an elementary school or junior high level.  Attached to the plaintiffs= brief were test results for each of the plaintiffs=, arguably establishing their below-average Areading fluency and comprehension,@ as well as a transcript of a deposition of Carmen
Gonzalez, a defendant in the underlying action.[1]  








The trial court held a hearing on Washington Mutual=s motion to compel on May 3, 2004.  At the hearing, the trial court heard
arguments from both sides, but it did not hear testimony or admit other
evidence into the record.  Washington
Mutual argued that the evidence attached to the plaintiffs= brief was inadmissible because it was not properly
proven-up by affidavits or otherwise verified. 
Washington Mutual also argued that because the proceeding was summary in
nature, the trial court was required to grant its motion to compel based on the
uncontroverted evidence in the record, which established that the plaintiffs
had signed arbitration agreements covering the claims they presently
asserted.  For their part, the plaintiffs
conceded that they had signed the arbitration agreements.  They urged the trial court to find the
agreements to be unconscionable based on the evidence attached to their
brief.  The trial court did not rule on
Washington Mutual=s motion to compel, and it did not state whether it
was admitting or excluding the evidence attached to the plaintiffs= brief.     

On May 5, 2004, the plaintiffs filed a motion to
supplement the record and for an evidentiary hearing.  Attached to the motion were four affidavits,
one from each of the plaintiffs.  The
plaintiffs= motion argued, AIf the
affidavits offered above are permitted to supplement the record . . . . ,
further hearing is necessary to determine disputed facts.@  Washington
Mutual filed a response in opposition to the plaintiffs= motion, arguing that the motion was untimely and
that the plaintiffs= evidence was immaterial.  On January 7, 2005, the parties received
notice from the trial court setting a hearing for the plaintiffs= motion to supplement and for an evidentiary hearing
on January 31, 2005.  








At the hearing on the plaintiffs= motion, the trial court heard arguments from both
sides but did not hear testimony or admit other evidence.  Counsel for the plaintiffs briefly mentioned
his motion to supplement the record and for an evidentiary hearing but spent
the bulk of his time arguing a different motion, in which he asked the trial
court to strike the affidavits filed by Washington Mutual in support of its
motion to compel.   In concluding his
argument, counsel for the plaintiffs stated to the court, AI=m asking you to strike the affidavits of David
Gonzalez and Fela Cavazos, which are in support of their motion to compel
arbitration, and alternatively to allow the Plaintiffs to supplement the record
with their affidavits and if B if the Court decides that it still wants to hear
further evidence on this matter, then we=re B we=re prepared to put on evidence today.@

In response, counsel for Washington Mutual argued
that the affidavits challenged by the plaintiffs were perfectly
admissible.  He explained that the
affidavits had been on file with the court for almost a year with no complaint
from the plaintiffs.  Counsel further
explained that the only purpose the affidavits served was to prove that the
plaintiffs signed the arbitration agreements, a fact which the plaintiffs
conceded at the hearing on May 3, 2004, as well as in their brief in opposition
to the motion to compel arbitration. 
According to counsel, even if the court were to strike the affidavits,
Washington Mutual would be entitled to arbitration based on these
admissions.  Counsel then objected to the
plaintiffs= motion to supplement the record and for an
evidentiary hearing.     








The trial court advised the parties that it would
review the motions and issue a ruling in the near future.  It also stated, AIf I need to hear any other additional testimony or
evidence, I will . . . advise both offices . . . .@  Without
conducting an evidentiary hearing or requesting additional evidence, the trial
court denied Washington Mutual=s motion to compel on February 18, 2005.  No ruling was issued on either the plaintiffs= motion to strike or its motion to supplement the
record and for an evidentiary hearing. 
This original proceeding ensued.[2]    

If a trial court erroneously denies a party=s motion to compel arbitration under the FAA, the
movant has no adequate remedy at law and is entitled to a writ of
mandamus.  In re FirstMerit Bank, N.A.,
52 S.W.3d 749, 753 (Tex. 2001) (orig. proceeding).  The trial court may summarily decide whether
to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations;
however, the trial court does not have discretion to determine disputed
material facts without holding an evidentiary hearing.  See Jack B. Anglin Co. v. Tipps, 842
S.W.2d 266, 269 (Tex. 1992).  








As discussed above, there was no dispute before the
trial court regarding the existence of arbitration agreements, which, if
enforceable, would invoke the FAA and cover the plaintiffs= claims.  Once
a party seeking to compel arbitration establishes that an agreement exists
under the FAA and that the claims raised are within the agreement=s scope, the trial court has no discretion but to
compel arbitration and stay its proceedings pending arbitration.  Cantella & Co. v. Goodwin, 924 S.W.2d
943, 944 (Tex. 1996) (orig. proceeding) (per curiam).  Under such circumstances, the trial court may
deny a motion to compel arbitration only if it concludes that the party
opposing arbitration carried its burden of proving a defense to
arbitration.  See In re FirstMerit
Bank, N.A., 52 S.W.3d at 756 (A[S]ince the law favors arbitration, the burden of
proving a defense to arbitration is on the party opposing arbitration.@).  In this
case, Washington Mutual established by its evidence and by the plaintiffs= admissions that multiple arbitration agreements
existed under the FAA and that the plaintiffs=
claims fell within the scope of the agreements. 
The burden thus shifted to the plaintiffs to prove a valid defense to
arbitration.  See id.    

As noted above, the plaintiffs contended that the
arbitration agreements were procedurally unconscionable, an issue which is
reserved for judicial review.  See In
re Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 n.3 (Tex. 1999)
(orig. proceeding).  The plaintiffs also
contended that the trial court needed to hold an evidentiary hearing to
determine disputed fact issues related to their defense.  The plaintiffs maintained throughout their
motion to supplement and for an evidentiary hearing that, if the trial court
supplemented the record with their affidavits, the affidavits would succeed
only in raising issues of material fact, which would require the court to
conduct an evidentiary hearing.  The
trial court never held such an evidentiary hearing and never admitted any of
the plaintiffs= evidence.  It
therefore had no basis to sustain the plaintiffs=
defense to arbitration.  We are fully
aware that Washington Mutual opposed the plaintiffs= motion to supplement the record and for an
evidentiary hearing, but we do not view such opposition as an invitation for
the trial court to summarily resolve disputed issues of material fact without
providing both sides a fair opportunity to present evidence.  We certainly do not construe it as an
invitation for the trial court to resolve issues of material fact without
considering any evidence at all.








For these reasons, we conclude that the trial court
abused its discretion by sustaining the plaintiffs= defense to Washington Mutual=s motion to compel arbitration.  Accordingly, this Court conditionally issues
a writ of mandamus compelling the trial court to vacate its order denying
Washington Mutual=s motion to compel arbitration.  The trial court is instructed to conduct an
evidentiary hearing on any disputed issues of material fact related to the
plaintiffs= defense to arbitration.  The writ will issue only if the trial court
refuses to vacate its order.                                                                                     

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

 

Dissenting Opinion by 

Justice Errlinda Castillo.

 

Opinion delivered and filed 

this the 26th day of August, 2005.











[1]  Carmen Gonzalez is not a party to
this mandamus proceeding. 





[2] This Court has requested a response
from the plaintiffs, but to date, the plaintiffs have not filed any response to
Washington Mutual=s petition for writ of
mandamus.  See Tex. R. App. P. 52.4.