**Affirmed and Opinion Filed July 15, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-13-00462-CV**

**LEN RAO, Appellant**
**V.**
**THE AMERICAN ARBITRATION ASSOCIATION, Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-00255-B**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Bridges

Len Rao appeals the trial court's granting of a plea to the jurisdiction filed by the American Arbitration Association. In two points of error, Rao argues the trial court erred in granting AAA's plea to the jurisdiction because (1) the arbitral immunity doctrine does not apply to AAA's actions and (2) AAA does not have jurisdiction to arbitrate the alleged arbitration clause. We affirm the trial court's judgment.

Len Rao is a former employee of David Weekley Homes. This litigation stems from an underlying dispute between Rao and David Weekley Homes, Weekley Homes Business Trust, David Weekley, and Randy Braden (Weekley). The underlying dispute resulted in Weekley's demand for AAA-administered arbitration. Weekley filed a plea in abatement and motion to compel arbitration on April 5, 2010 in which they argued Rao had agreed to arbitrate any and all

claims against Weekley. In response, Rao argued Weekley failed to present a valid binding arbitration clause upon which arbitration could be compelled. After a hearing on May 4, 2010, the trial court denied the motion to compel arbitration. On May 12, 2010, Weekley filed an interlocutory appeal in this Court and an emergency motion to stay proceedings in the trial court. This Court granted the emergency motion to stay proceedings in the trial court, pending the interlocutory appeal.

In June 2010, Weekley filed a demand for arbitration with AAA. After AAA proceeded to administer the arbitration due to the demand, Rao filed a motion to stay the arbitration proceedings on June 15, 2010. Rao emailed AAA to advise them of the stay. AAA informed the parties that they would not move forward with arbitration until the stay was lifted. On June 22, 2010, this Court clarified that the order granting the emergency motion to stay proceedings pending interlocutory appeal applied only to the proceedings in the trial court's suit and not the pending arbitration. However, in February 2011, this Court ordered the arbitration stayed as well. In response, AAA informed the parties that administration of the matter would be suspended until further notice. On March 22, 2011, a panel of this Court found the arbitration agreement to be unenforceable and affirmed the trial court's order denying the motion to compel arbitration. In response, AAA advised the parties they would be closing their files. As the record shows, arbitration was initiated but never took place. No orders or awards were entered by the arbitrator. No evidentiary hearings were held. AAA never issued a ruling or determination regarding the "arbitrability of an arbitration clause."

In April 2012, Rao filed a second amended petition alleging various claims against AAA. AAA asserted a plea to the jurisdiction and, in the alternative, a motion for summary judgment arguing that Rao's claims against AAA were barred by the doctrine of arbitral immunity. Rao filed a response arguing that the plea to the jurisdiction should be denied because AAA was not

protected by arbitral immunity. On January 15, 2013, the trial court granted the plea to the jurisdiction, and this appeal followed.

In his first issue, Rao argues the trial court erred in granting AAA's plea to the jurisdiction because the arbitral immunity doctrine does not apply to AAA's actions. Specifically, Rao argues that arbitral immunity for a sponsoring organization, such as AAA, is not absolute, but is instead limited to discretionary, quasi-judicial functions that occur in the decision-making process. Rao compares arbitral immunity to judicial immunity. Because judicial immunity does not protect judges from administrative or executive functions, Rao argues that AAA should not be protected for administrative and executive functions as well.

A plea to the jurisdiction seeks dismissal of a case for lack of subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether the trial court has subject matter jurisdiction is a question of law, which is reviewed de novo. *See, e.g.*, *Tex. Dep't Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex 2004); *Patten v. Johnson*, 429 S.W.3d 767, 775-76 (Tex. App.—Dallas 2014, pet. filed). Only the pleadings and the evidence pertinent to the jurisdictional inquiry are considered. *Patten*, 429 S.W.3d at 776. The plaintiff has the burden to plead facts affirmatively showing that the trial court has subject matter jurisdiction. *Id.* If the evidence creates a fact issue concerning jurisdiction, the plea to the jurisdiction must be denied. *Id.*

Arbitration of disputes is strongly favored under both federal and Texas law. *Id.* The presumption in favor of arbitration is so strong in Texas that courts are to resolve any doubts in favor of arbitration. *See, e.g.*, *Cantell & Co., Inc. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996); *Jack B. Anglin Co., v. Tipps*, 842 S.W.2d 266, 268-69 (Tex. 1992). Because the presumption in favor of arbitration is so strong, the burden of overcoming the presumption falls on the party that opposes the arbitration. *Prudential Sec., Inc. v. Marshall*, 909 S.W.2d 896, 900 (Tex. 1995).

The doctrine of arbitral immunity, which confers immunity on arbitrators from litigation, has been uniformly recognized by state and federal courts and applies to individual arbitrators as well as to organizations that sponsor arbitrations. *Blue Cross Blue Shield of Tex. v. Juneau*, 114 S.W.3d 126, 129, 133 (Tex. App.—Austin 2003, no pet.). The United States Supreme Court has established that immunity should be extended to persons and/or entities whose responsibilities are functionally comparable to those of a judge. *Butz v. Economou*, 438 U.S. 478, 510-513 (1978). Because arbitrators have roles that are functionally equivalent to judges, it is necessary to protect arbitrators from undue influence and to safeguard their independence similar to judicial immunity. *Pullara v. Am. Arbitration Ass'n*, 191 S.W.3d 903, 909 (Tex. App.—Texarkana 2006, pet. denied). Additionally, because Texas encourages arbitration and arbitrators are essential actors in furtherance of that policy, it is appropriate that immunity be extended to arbitrators for acts within the scope of their duties. *Juneau*, 114 S.W.3d at 133.

This immunity for arbitrators also extends to organizations that administer arbitrations, such as AAA, because otherwise, "it would be of little value to the whole arbitral procedure to merely shift the liability to the sponsoring association." *Corey v. New York Stock Exchange*, 691 F.2d 1205, 1211 (6th Cir. 1982). Failure to extend immunity to AAA could discourage it from sponsoring future arbitrations. *New England Cleaning Servs., Inc. v. Am. Arbitration Ass'n*, 199 F.3d 542, 546 (1st Cir. 1999). Reluctance by AAA or similar organizations to arrange arbitrations would impede the implementation of policy favoring arbitration. *Id.*

AAA is a not-for-profit, public service organization that offers dispute-resolution services. AAA employs neutral experts to hear and resolve disputes in order to provide private, efficient, and cost-effective procedures for out-of-court resolution of workplace disputes. Arbitration is a policy that is highly favored in Texas, as well as under state and federal law. *See Patten*, 429 S.W.3d at 776. AAA is clearly an organization that administers arbitrations, with

responsibilities functionally similar to that of a judge. *See Corey*, 691 F.2d at 1211; *Pullara*, 191 S.W.3d at 909. It follows that AAA is protected by the doctrine of arbitral immunity for all acts within the scope of their duties. *See Juneau*, 114 S.W.3d at 133. Further, the failure to extend immunity to the AAA or similar organizations could discourage them from sponsoring future arbitrations, which would impede the implementation of policy favoring arbitration. *See New England Cleaning Servs.*, 199 F.3d at 546. Therefore, the trial court did not err in granting AAA's plea to the jurisdiction on the basis that arbitral immunity barred Rao's claims. As a result, we overrule Rao's first issue.

For his second issue, Rao argues the trial court erred in granting AAA's plea to the jurisdiction because AAA did not have jurisdiction to arbitrate the alleged arbitration clause submitted by Weekley. Specifically, Rao argues that the Civil Practice & Remedies Code §171.024 grants the court exclusive jurisdiction of arbitration matters. However, because of our disposition of Rao's first issue, we need not address his second issue.

We affirm the trial court's order granting AAA's plea to the jurisdiction.


130462F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LEN RAO, Appellant

No. 05-13-00462-CV        V.

THE AMERICAN ARBITRATION
ASSOCIATION, Appellee

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-13-00255-B.
Opinion delivered by Justice Bridges.
Justices Francis and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee THE AMERICAN ARBITRATION ASSOCIATION recover its costs of this appeal from appellant LEN RAO.

Judgment entered July 15, 2014