ACCEPTED
01-15-00194-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/4/2015 3:32:13 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00194-CV
IN THE COURT OF APPEALS
FIRST DISTRICT OF TEXAS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/4/2015 3:32:13 PM
CHRISTOPHER A. PRINE
Clerk

**AN LUXURY IMPORTS, L.T.D. d/b/a BMW OF DALLAS, AN LUXURY IMPORTS GP., LLC and UNITED STATES WARRANTY CORP.**
**APPELLANTS**

**TRIAL COURT NO. 2014-33551**

**VS.**

**D. SCOTT SOUTHALL**
**APPELLEE**

On Appeal from the 295th District Court
Of Harris County, Texas

**APPELLANTS' REPLY BRIEF**

JOHNSON, DeLUCA, KURISKY & GOULD, P.C.
1221 Lamar Street, Suite 1000
Houston, Texas  77057
(713) 652-2525 – Telephone
(713) 652-5130 – Facsimile
GEORGE A. KURISKY, JR.
SBT No.: 11767700
DANIEL J. KASPRZAK
SBT No.:  11105300
MARK A. BANKSTON
SBT No.: 24001430

ATTORNEYS FOR APPELLANTS

## IDENTITIES OF PARTIES AND COUNSEL

The following is a complete list of names and addresses of all parties to the trial court proceeding and their counsel:

Appellants:                              AN Luxury Imports, Ltd d/b/a BMW of Dallas
                                         AN Luxury Imports GP, LLC
                                         United States Warranty Corp.

Appellants' Counsel:                     George A. Kurisky, Jr.
                                         Daniel J. Kasprzak
                                         Mark A. Bankston
                                         Johnson DeLuca Kurisky & Gould P.C.
                                         1221 Lamar Street
                                         Suite 1000
                                         Houston, Texas 77010

Appellee:                                D. Scott Southall

Appellee's Counsel                       Victor S. Elgohary
                                         6406 Arcadia Bend Ct.
                                         Houston, Texas 77041

# INDEX OF AUTHORITIES

**CASES**

*Cantella & Co. v. Goodwin,* 924 S.W.2d 943, 944 (Tex. 1996) ...............................2

*Cunningham v. Fleetwood Homes of George, Inc.,* 253 F.3d 611
  (11th Cir. 2001) ...............................................................................................3, 4

*Dean Witter Reynolds v. Byrd,* 470 U.S. 213, 217 (1985).......................................3

*Frost Nat'l Bank v. L & F Distribs., Ltd.*, 165 S.W.3d 310, 312
  (Tex.2005) (per curiam)....................................................................................2

*J.M. Davidson, Inc. v. Webster,* 128 S.W.3d 223, 227 (Tex.2003).......................1, 2

*Jones v. General Motors, Corp.,* 640 F.Supp.2d 1124 (D. Ariz. 2009) ..................4

*Kaye/Bassman Intern. Corp. v. Help Desk Now, Inc.,* 321 S.W.3d 806, 813
  (Tex. App.—Dallas 2010, pet. denied)................................................................2

*Patriot Mfg., Inc. v. Jackson,* 929 So.2d 997 (Ala. 2005) .......................................4

*Walton v. Rose Mobile Homes, LLC,* 298 F.3d 470 (5th Cir. 2002) ....................4, 5

**STATUTES**

MAGNUSON-MOSS WARRANTY ACT  15 U.S.C. §§ 2301.......................................4, 5

# REPLY

Appellee's argument that the agreements at issue in this case give the courts sole and exclusive jurisdiction over a dispute arising under these agreements is without merit. In making this argument, Appellee ignores the following language in the Sale Agreement, which incorporates the Arbitration Agreement by reference: **"If you have signed an arbitration agreement, it is incorporated into and made a part of this agreement for all purposes" and "If You have executed an Arbitration Agreement in conjunction with this Agreement such Arbitration Agreement shall be incorporated herein by reference and made a part of this Agreement."** (Cl. R. a pp. 30 and 31) (emphasis added). Upon reading <u>all</u> of the Sale Agreement and <u>all</u> of Paragraph 17, therein, it is apparent that Southall and BMW of Dallas did not intend to give the courts of the State of Texas (in the county most convenient for Southall) exclusive jurisdiction over disputes arising from Southall's Purchase Contract.

Even if there were conflicting language in the Sale Agreement and the Arbitration Agreement, which Defendants dispute, the Court must ascertain the true intentions of the parties as expressed in the written instruments. *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). The Court must consider the entire writing and attempt to harmonize and give effect to all the provisions of the contract by analyzing the provisions with reference to the whole

1

agreement. *Frost Nat'l Bank v. L & F Distribs., Ltd.*, 165 S.W.3d 310, 312 (Tex. 2005) (per curiam); *J.M. Davidson*, 128 S.W.3d at 229. When the provisions of a contract appear to conflict, courts attempt to harmonize the provisions and assume the parties intended every provision to have some effect. *Kaye/Bassman Intern. Corp. v. Help Desk Now, Inc.,* 321 S.W.3d 806, 813 (Tex. App.—Dallas 2010, pet. denied). Courts must resolve any doubts about an agreement to arbitrate in favor of arbitration. *Cantella & Co. v. Goodwin,* 924 S.W.2d 943, 944 (Tex. 1996). The plain language of the Sale Agreement and the Arbitration make it clear that the parties intended there to be one contract for the sale of the Vehicle – not several separate contracts that can be interpreted apart from one another (as Southall urges).

Appellee's representation to the Court in his Brief that U.S. Warranty did not file an answer with the State Court is mistaken. Although omitted from the record, U.S. Warranty filed Defendant's Original Answer Subject to Arbitration and Special Exceptions on August 25, 2014. Appellee admits that U.S. Warranty joined in the Motion to Compel Arbitration. Further, Appellee did not secure a default judgment against U.S. Warranty because U.S. Warranty answered the lawsuit.

U.S. Warranty is not a signatory to the Arbitration Agreement. (Cl. R. at p. 32). The claims asserted by Southall against U.S. Warranty are factually

intertwined with the claims asserted against BMW of Dallas and ANLI. In fact, the claims are identical. Additionally, the Warranty Agreement, Arbitration Agreement and the Sale Agreement were all signed as components of one transaction and must be read together. Southall agreed to arbitrate his claims against U.S. Warranty. Moreover, Southall seeks to assert rights and retain benefits under the Warranty Agreement and Sale Agreement, but wishes to avoid application of the Arbitration Agreement. Southall is equitably estopped from avoiding arbitration.

Even if the claims against U.S. Warranty cannot be compelled to arbitration, the Court must order the claims against BMW of Dallas and ANLI to arbitration. The Supreme Court of the United States made it clear that the Federal Arbitration Act requires arbitrable claims to be compelled to arbitration, even where the result would be "the possibly inefficient maintenance of separate proceedings in different forums." *Dean Witter Reynolds v. Byrd,* 470 U.S. 213, 217 (1985). Therefore, the trial court's order denying arbitration of the Southall's claims must be reversed. If the parties or this Court wish to avoid piecemeal litigation, this Court can order all claims asserted against the collective Defendants to be arbitrated together.

Appellee's reliance on *Cunningham v. Fleetwood Homes of George, Inc.,* 253 F.3d 611 (11th Cir. 2001) is misplaced. In *Cunningham,* buyers of a new mobile home sued the seller and manufacturer, alleging, *inter alia,* claims of fraud,

breach of contract, negligence and breach of express and implied warranties. *Id.* at 613. As part of the sales transaction, the buyers executed an arbitration agreement with the seller. *Id.* Both the seller and manufacturer moved to compel arbitration. *Id.* The district court signed an order compelling all claims except alleged violations of the Magnuson-Moss Warranty Act, 15 U.SC. §§ 2301 *et seq.* to arbitration. *Id*. The manufacturer appealed and the Eleventh Circuit held that the manufacturer could not utilize its third-party beneficiary status under the arbitration agreement between the buyer and seller to compel arbitration of the Magnuson-Moss warranty claims. *Id.* at 623-24. The facts in *Cunningham* are analogous to the instant case because BMW of Dallas is both the seller of the Vehicle and a party to the Arbitration Agreement, while U.S. Warranty is a third-party beneficiary of the Arbitration Agreement. The holding in *Cunningham*[1] supports Appellants' position that the arbitrable claims must be compelled to arbitration because the Eleventh Circuit affirmed the decision of the trial court.

The Fifth Circuit held in *Walton v. Rose Mobile Homes, LLC,* 298 F.3d 470 (5th Cir. 2002) that the Magnuson-Moss Warranty Act does not preclude binding arbitration of claims pursuant to a valid binding arbitration agreement, which courts must enforce pursuant to the FAA. The *Walton* case also concerned a

---

[1] The Supreme Court of Alabama declined to follow *Cunningham* in holding that arbitration agreements are not required to be contained within written warranties to be enforceable. *Patriot Mfg., Inc. v. Jackson,* 929 So.2d 997 (Ala. 2005). *See also Jones v.*

4

dispute between buyers of a mobile home and the manufacturer and retail seller. *Id.* at 471-472. The buyers in *Walton* made the same arguments urged here by Southall. *Id.* at 472-473. The district court ordered all claims, including those against the retail seller, except for the Magnuson Moss warranty claims, to arbitration. *Id.* The Fifth Circuit concluded that the manufacturer's warranty included an arbitration agreement and ordered the Magnuson Moss Warranty claims to arbitration as well. *Id.* at 479. Because the arbitrable claims against BMW of Dallas and U.S. Warranty must be compelled to arbitration, the Court should reverse the order of the trial court in this case.

## <u>CONCLUSION</u>

The trial court's order denying arbitration should be reversed because Southall and BMW of Dallas agreed to submit disputes, such as the instant case, to arbitration and Southall's claims in this case are within the scope of the Arbitration Agreement. Southall's claims against U.S. Warranty fall within the scope of the Arbitration Agreement because the Arbitration Agreement expressly provides that claims against third party are subject to arbitration if they arise as a result of Southall's dealings with BMW of Dallas. Additionally, Southall's claims against U.S. Warranty are factually intertwined with his claims against BMW of Dallas. Even if Southall's claims against U.S. Warranty cannot be compelled to arbitration

*General Motors, Corp.,* 640 F.Supp.2d 1124 (D. Ariz. 2009) (holding that vehicle purchaser's

5

(and they can), the arbitrable claims must be compelled to arbitration even if the result is piecemeal litigation.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, AN LUXURY IMPORTS, L.T.D. d/b/a BMW OF DALLAS, AN LUXURY IMPORTS GP., LLC and UNITED STATES WARRANTY CORP. respectfully pray that this Court reverse the Order of the trial court denying arbitration dated February 9, 2015, and grant Defendants such and further relief, both general and special, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**JOHNSON DELUCA KURISKY & GOULD, P.C.**

By: /s/ George A. Kurisky, Jr.
    GEORGE A. KURISKY, JR.
    SBT No: 11767700
    DANIEL J. KASPRZAK
    Texas Bar No. 11105300
    MARK A. BANKSTON
    SBT No.: 24001430
    4 Houston Center
    1221 Lamar Street, Suite 1000
    Houston, Texas 77010
    (713) 652-2525 - Telephone
    (713) 652-5130 - Facsimile

    **ATTORNEYS FOR APPELLANTS**

---

claims under the Magnuson-Moss Warranty Act were not exempt from arbitration)

## CERTIFICATE OF COMPLIANCE

As required by Rule 9.4, Texas Rules of Appellate Procedure, the undersigned certifies that this brief contains 1,284 words, exclusive of the portions described in Rule 9.4(i)(1).

/s/George A. Kurisky, Jr.
George A. Kurisky, Jr.

## CERTIFICATE OF SERVICE

I certify that on the 4th day of June, 2015, a true and correct copy of the foregoing document was forwarded as indicated to all counsel of record listed below:

***Via email: victor@vselgohary.com***
***and U.S. Mail***
Victor S. Elgohary
6406 Arcadia Bend Ct.
Houston, Texas 77041
*Counsel for Plaintiff, D. Scot Southall*

/s/ Mark A. Bankston
Mark A. Bankston