**REVERSE and REMAND; and Opinion Filed February 23, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00647-CV

**DALLAS FOOD & BEVERAGE, LLC D/B/A BUCKS CABARET, Appellant**
**V.**
**JOY LANTRIP, Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-02080**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Brown

Appellant Dallas Food & Beverage, LLC d/b/a Buck's Cabaret (Buck's) appeals the trial

court's order denying its motion to compel arbitration and stay or dismiss all claims. For the

following reasons, we reverse the trial court's order and remand for entry of an order compelling

arbitration and granting an appropriate stay.

BACKGROUND

On November 28, 2016, appellee Joy Lantrip signed a Dancer Performance Lease

("Lease") to perform as an entertainer at Buck's, a club in Dallas, Texas. Lantrip suffered severe

injuries in a single-car accident after leaving Buck's on November 29, 2016. She brought this

action against Buck's, asserting claims for negligence, gross negligence, and violations of the

Texas Dram Shop Act.[1] According to Lantrip's petition, Buck's allowed her to drive from its premises after she was served an excessive number of alcoholic beverages and even though it was apparent she was obviously intoxicated to the extent she presented a clear danger to herself and others. The petition further alleges Buck's was negligent in requiring Lantrip to consume alcoholic beverages, violating its duty to use ordinary care to provide a reasonably safe workplace.

In response to Lantrip's petition, Buck's moved to compel arbitration, citing an arbitration provision in the Lease. The provision, in relevant part, provides:

> **… ANY CONTROVERSY, DISPUTE, OR CLAIM … ARISING OUT OF THIS LEASE OR OUT OF ENTERTAINER PERFORMING AND/OR WORKING AT THE CLUB AT ANY TIME, WHETHER CONTRACTUAL, IN TORT, OR BASED UPON COMMON LAW OR STATUTE, SHALL BY EXCLUSIVELY DECIDED BY <u>BINDING ARBITRATION</u> HELD PURSUANT TO THE FEDERAL ARBITRATION ACT….**
>
> **<u>THE PARTIES WAIVE ANY RIGHT TO LITIGATE SUCH CLAIMS IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY….</u>**
>
> **THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RSESOLVE ANY DISPUTES OVER THE VALIDITY AND/OR ENFORCEABILITY OF ANY PART OF THIS LEASE, INCLUDING THESE ARBITRATION PROVISIONS….**

Buck's argued the provision required arbitration of Lantrip's claims because the claims arose out of her "performing and/or working at" Buck's. Following a hearing, the trial court denied Buck's motion to compel arbitration, and Buck's subsequently filed this interlocutory appeal.[2]

APPLICABLE LAW

We review the denial of a motion to compel arbitration for an abuse of discretion. *See Ascendant Anesthesia PLLC v. Abazi*, 348 S.W.3d 454, 458 (Tex. App.—Dallas 2011, no pet.). We defer to factual determinations of the trial court that are supported by the record, but review legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex.

---

[1] TEX. ALCO. BEV. CODE ANN. § 2.02(b) (West 2007).

[2] *See* TEX. CIV. PRAC. & REM. CODE § 51.016 (West 2015) (authorizing interlocutory appeal from denial of motion to compel arbitration).

–2–

2009) (orig. proceeding). Whether an arbitration agreement imposes a duty to arbitrate is a question of law for the court and subject to de novo review. *Id.*

A defendant seeking to compel arbitration under the Federal Arbitration Act (FAA)[3] must establish the existence of a valid arbitration agreement between the parties and that the plaintiff's claims fall within the scope of the agreement. *In re Dillard Dept. Stores, Inc.*, 186 S.W.3d 514, 515 (Tex. 2006) (orig. proceeding) (per curiam). The burden then shifts to the plaintiff to establish an affirmative defense, if any, enforcing arbitration. *Sidley Austin Brown & Wood, LLP v. J.A. Green Dev. Corp.*, 327 S.W.3d 859, 863 (Tex. App.—Dallas 2010, no pet.). If the arbitration agreement encompasses the plaintiff's claims and the plaintiff fails to prove any defenses, the trial court has no discretion and must compel arbitration and stay the proceedings. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753-54 (Tex. 2001) (orig. proceeding).

State law governs whether parties agreed to arbitrate, but federal law governs whether a dispute is subject to arbitration. *Labatt Food Serv., L.P.*, 279 S.W.3d at 643; *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005) (orig. proceeding) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S.1, 24 (1983)). To determine whether a claim falls within the scope of an arbitration agreement, a court must focus on a petition's factual allegations rather than the causes of action asserted. *Pilot Travel Ctrs., LLC v. McCray*, 416 S.W.3d 167, 177 (Tex. App.—Dallas 2013, no pet.); *VSR Fin. Servs., Inc. v. McLendon*, 409 S.W.3d 817, 831-32 (Tex. App.—Dallas 2013, no pet).

Federal law favors arbitration, and any doubts as to whether claims fall within the scope of a valid arbitration agreement must be resolved in favor of arbitration. *Moses H. Cone Memorial Hosp.*, 460 U.S. at 24-25; *Cantella & Co., Inc., v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996) (per

---

[3] *See* 9 U.S.C. §§ 1-16 (2013). Here, the Lease provides, and neither party disputes, that the FAA applies to the arbitrability of Lantrip's claims.

curiam). "The policy in favor of enforcing arbitration agreements is so compelling that a court should not deny arbitration *'unless it can be said with positive assurance* that an arbitration clause is *not* susceptible of an interpretation which would cover the dispute at issue.'" *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995) (orig. proceeding) (per curiam) (quoting *Commerce Park at DFW Freeport v. Mardian Constr. Co.*, 729 F.2d 334, 338 (5th Cir. 1984)) (emphasis added).

ANALYSIS

In a single issue, Buck's asserts the trial court erred in denying its motion to compel arbitration. Buck's argues the Lease's arbitration provision is a valid, enforceable agreement to arbitrate and Lantrip's claims, which arise out of her allegations that she was overserved alcohol while working at Buck's, fall within the provision's scope. Buck's also asserts the arbitrator, and not the trial court, should resolve Lantrip's challenges to arbitration.

Lantrip neither disputes the validity of the arbitration provision nor asserts any affirmative defenses in this appeal. She contends her claims are independent of the Lease and outside the narrow scope of the arbitration provision because she alleges Buck's sold her alcoholic beverages, making her a patron. Alternatively, Lantrip urges this Court to remand the case to the trial court for limited discovery on whether her claims fall within the scope of the arbitration provision.

Initially, we disagree with Buck's premise that the arbitrator, and not the trial court, should resolve the arbitrability of Lantrip's claims. Although parties may agree to delegate to an arbitrator certain gateway matters a trial court normally determines, they must do so with clear and unmistakable evidence. *See Roe v. Ladymon*, 318 S.W.3d 502, 513-14 (Tex. App.—Dallas 2010, no pet.). The Lease's arbitration provision grants the arbitrator "authority to resolve any disputes over the validity and/or enforceability" of any part of the Lease, including the arbitration provision. An arbitration agreement's scope, however, is a separate issue from its validity and enforceability.

–4–

*See Firstlight Fed. Credit Union v. Loya*, 478 S.W.3d 157, 165 (Tex. App.—El Paso 2105, no pet.). Thus, we conclude the provision's language does not clearly and unmistakably delegate the matter of the provision's scope to the arbitrator. *See id.*

The Lease's arbitration provision unambiguously requires binding arbitration for any claims arising out of Lantrip's performing and/or working at Buck's at any time, whether those claims are contractual, in tort, or based upon common law or statute. The factual allegations giving rise to Lantrip's claims are that Buck's (1) sold her alcoholic beverages after it was apparent she was obviously intoxicated, and (2) required her to consume alcoholic beverages, a breach of Buck's duty to use ordinary care in providing a reasonably safe workplace. Although Lantrip urges that she was a patron because Buck's sold her alcoholic beverages, the fact that she purchased drinks is not necessarily inconsistent with her working under the terms of the Lease at the time. Indeed, Buck's could not require Lantrip to purchase drinks if she was merely a patron.

Lantrip nevertheless asserts the scope of the Lease's arbitration agreement is narrow and only a more broad provision with an expansive reach could apply to her personal injury claims, which she alleges are independent of her duties under the Lease. The presumption favoring agreements to arbitrate under the FAA *particularly* applies to broad provisions that cover claims not only "arising out of," but also "relating to" or "connected with" the contract at issue. *See BDO Seidman, LLP v. J.A. Green Dev. Corp.*, 327 S.W.3d 852, 857 (Tex. App.—Dallas 2010, no pet.). In the case of a broad arbitration provision, "[i]n the absence of any express provision excluding a particular grievance from arbitration, . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Id.* (quoting *AT&T Tech., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 650 (1986)). We agree with Lantrip that the Lease's arbitration provision is more narrowly limited to those claims arising out of the Lease or Lantrip's performing and/or working at Buck's, but the narrow scope of the provision is not dispositive in this case. Focusing

not on her causes of action but the petition's factual allegations, including an allegation that Buck's required her to drink alcoholic beverages, and resolving any doubts in favor of arbitration, we conclude her claims fall squarely within the scope of the Lease's arbitration provision. Doing so, we decline Lantrip's request to remand this case to the trial court for discovery on her status as an employee, lessee, or invitee when she was served the alcoholic beverages. Because the Lease's arbitration provision is a valid arbitration agreement and Lantrip's claims fell within the scope of that provision, the trial court abused its discretion in denying Buck's motion to compel arbitration. *See Pilot Travel Ctrs., LLC*, 416 S.W.3d at 177. Accordingly, we sustain Buck's sole issue.

We reverse the trial court's order denying Buck's motion to compel arbitration and remand to the trial court for entry of an order compelling the parties' dispute to arbitration and granting an appropriate stay.

/Ada Brown/
ADA BROWN
JUSTICE

170647F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DALLAS FOOD & BEVERAGE, LLC
D/B/A BUCKS CABARET, Appellant

No. 05-17-00647-CV      V.

JOY LANTRIP, Appellee

On Appeal from the 191st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-17-02080.
Opinion delivered by Justice Brown;
Justices Lang and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for entry of an order compelling arbitration and granting an appropriate stay.

It is **ORDERED** that appellant DALLAS FOOD & BEVERAGE, LLC D/B/A BUCKS CABARET recover its costs of this appeal from appellee JOY LANTRIP.

Judgment entered this 23rd day of February, 2018.